UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CITY OF DAYTON, | : | Case No. 3:13-cv-324 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| CONTRACTORS BONDING AND INSURANCE COMPANY, *et al.*, | : | |
| Defendants. | : | |

### ORDER GRANTING THIRD-PARTY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS TO LIABILITY (Doc. 39)

This civil action is before the Court on Third-Party Plaintiff Contractors Bonding and Insurance Company's ("CBIC") Motion for Default Judgment as to Liability against Third-Party Defendant Larry R. Hamilton d/b/a Up Front Logistics ("Hamilton"). (Doc. 39). Hamilton did not respond.

### I. PROCEDURAL HISTORY

CBIC filed its third-party complaint on March 17, 2014. (Doc. 11). Hamilton was served on July 25, 2014, but failed to answer on or before August 15, 2014. (Doc. 27; notation Order of August 5, 2014). Therefore, Hamilton is in default. On August 28, 2014, the clerk entered default. (Doc. 36). Subsequently, CBIC filed the instant motion for default judgment. (Doc. 39).

### II. STANDARD OF REVIEW

Applications for default judgment are governed by Fed. R. Civ. P. 55(b)(2). "Following the clerk's entry of default pursuant to Fed. R. Civ. P. 55(a) and the party's

application for default under Rule 55(b), 'the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven.'" *Broadcast Music, Inc. v. Pub Dayton, LLC*, No. 3:11-cv-58, 2011 WL 2118228, *2 (S.D. Ohio May 27, 2011) (quoting *Morisaki v. Davenport, Allen & Malone, Inc.*, No. 2:09-cv-298, 2010 U.S. Dist. LEXIS 86241, at *1 (E.D. Cal. Aug. 23, 2010)).

While liability may be shown by well-pleaded allegations, this Court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, No. 07-14004, 2010 U.S. Dist. LEXIS 62027, at *5 (E.D. Mich. June. 23, 2010).  To do so, the civil rules "require that the party moving for a default judgment must present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enterpr.*, No. 2:07cv990, 2010 U.S. Dist. LEXIS 36756, at *1 (S.D. Ohio Mar. 12, 2010).

### III.    ANALYSIS

"Where damages are unliquidated a default admits only defendant's liability and the amount of damages must be proved." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (quoting *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1026 (5th Cir. 1982) (en banc)).  CBIC's third-party complaint asserts claims for breach of contract and contribution/indemnification against Hamilton and seeks to hold him liable for any judgment against CBIC on Plaintiff's claims.  Doc. 11).  "[A] third-party complaint must be founded on a third party's actual or potential liability to the defendant for all or part of the plaintiff's claim against the defendant." *Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008).

Here, based on Hamilton's default, the Court concludes that Hamilton has breached the terms of the Subcontract Agreement, and Hamilton is required to indemnify CBIC for any claims or damages resulting from his negligent acts or omissions in performing the Subcontract Agreement.  Accordingly, Hamilton is liable to CBIC for any damages Plaintiff obtains on its claims against CBIC.  The amount of CBIC's damages, if any, will be determined only upon resolution of Plaintiff's claims against CBIC.

Accordingly, CBIC's Motion for Default Judgment as to Liability (Doc. 39) is **GRANTED** on all of CBIC's third-party claims asserted against Hamilton.  CBIC is **GRANTED LEAVE** to file a supplemental motion for final judgment and an award of damages by the dispositive motion deadline of January 9, 2015.

**IT IS SO ORDERED.**

Date:  10/7/14                                             *s/ Timothy S. Black*
                                                                                    Timothy S. Black
                                                                                    United States District Judge