IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CITY OF DAYTON, OHIO, | ) | CASE NO. 3:13-cv-00324-TSB |
| | ) | |
| *Plaintiff,* | ) | JUDGE TIMOTHY S. BLACK |
| | ) | |
| v. | ) | |
| | ) | |
| CONTRACTORS BONDING AND | ) | |
| INSURANCE COMPANY, | ) | **STIPULATED PROTECTIVE ORDER** |
| | ) | **AND CONFIDENTIALITY** |
| *Defendant.* | ) | **AGREEMENT** |

### STIPULATED PROTECTIVE ORDER

Plaintiff City of Dayton, Ohio ("Dayton") and Defendant Contactors Bonding and Insurance Company ("CBIC") hereby stipulate and agree that a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure should be entered, and the Parties would further stipulate and agree to the following particulars:

1. As part of discovery in this cause, Dayton and CBIC have propounded discovery requests for production of documents and other discovery requests in accordance with the Federal Rules of Civil Procedure, requesting production of business records relating to, among other things, two bonds issued by CBIC to its principal, A.R. Environmental, Inc.

2. Certain requested business records include confidential and proprietary information regarding the parties and their business practices (hereafter, "Confidential Information").

3. To facilitate reasonable and expeditious discovery, the Parties agree that any party who discloses or produces information or documents (whether in the form of testimony or documentary or tangible evidence) that it reasonably believes contains or reflects trade secret, non-public proprietary or commercial information, or other confidential matters for which a Protective Order would be legally justified under Fed. R. Civ. P. 26(c) at the time of the

disclosure or production, designate such information or documents as "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER BETWEEN DAYTON & CBIC." In addition, any party who discloses or produces the types of material listed above that the disclosing party reasonably believes would pose a substantial threat to its business if seen by people other than the attorneys for the Parties may, at the time of disclosure or production, designate such information or documents as "CONFIDENTIAL FOR ATTORNEY'S EYES ONLY – PRODUCED PURSUANT TO PROTECTIVE ORDER BETWEEN DAYTON & CBIC."

   4. Any information or documents designated as "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER BETWEEN DAYTON & CBIC" or "CONFIDENTIAL FOR ATTORNEY'S EYES ONLY – PRODUCED PURSUANT TO PROTECTIVE ORDER BETWEEN DAYTON & CBIC," as provided for under the terms of this Protective Order, shall be disclosed only to the persons as set forth in Paragraphs 5 and 6 of this Protective Order and shall be used only for the purposes of the litigation commenced and styled as *City of Dayton, Ohio v. Contactors Bonding and Insurance Company*, Case No. 3:13-cv-00324, currently pending in the United States District Court for the Southern District of Ohio, Western Division, and for any other litigation to which Dayton and CBIC are parties, and they may not be used for any business or competitive purpose.

   5. Access to information or documents which have been designated "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER BETWEEN DAYTON & CBIC" by the producing party shall be permitted only to the following persons:

  a. Litigation counsel of record for the parties to this action, including other attorneys in that firm and paralegals, office clerks, secretaries and clerical or support personnel employed and under the direct supervision of litigation counsel;

  b. Officers and employees of the Parties and persons regularly retained by the Parties and those retained solely for purposes of the Proceedings ("qualified

employees") provided that access to such confidential information by such qualified employees is, in the judgment of outside legal counsel, reasonably necessary for the purposes of this proceeding and the qualified employee has been apprised of and has read this Protective Order in advance of disclosure and agreed, in writing, to be bound by its terms;

c. The Court in this action, or any other court having jurisdiction over discovery procedures in the action, and any court reporter, videographer or typist recording or transcribing testimony in this action, and any outside, independent reproduction service;

d. Consulting experts or testifying expert witnesses, their associates, assistants, and other personnel employed directly by the experts who submit to the jurisdiction of this Court and who acknowledge and agree to be bound by the terms of this Order. The experts shall execute an acknowledgement substantially in the form attached as *Exhibit A* to this Order before being given access to the Confidential Information. A party may not disclose Confidential Information designated as **"Confidential – Attorneys' Eyes Only"** to experts unless:

   i. It is necessary to disclose the Confidential Information to them for purposes of this action;

   ii. They are not parties or affiliates of any party; and

   iii. They are not officers, directors, or employees of parties, or affiliates of parties, or of competitors or vendors or customers of parties.

e. The author, addressee or any other person identified in the document as a prior recipient of the Confidential Information.

f. Other persons who may be specifically designated by written consent of all attorneys of record or pursuant to Court order.

6. Access to information or documents which have been designated "CONFIDENTIAL FOR ATTORNEY'S EYES ONLY – PRODUCED PURSUANT TO PROTECTIVE ORDER BETWEEN DAYTON & CBIC" by the producing party shall be permitted only to the persons qualified under paragraph 5 above.

7. Any party making disclosure of information or documents designated "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER BETWEEN DAYTON & CBIC" or "CONFIDENTIAL FOR ATTORNEY'S EYES ONLY – PRODUCED PURSUANT TO PROTECTIVE ORDER BETWEEN DAYTON & CBIC" to persons qualified

under subparagraph 5(d) above shall maintain a list of the names of all such persons to whom the confidential information has been disclosed and a file of the affidavits signed by such persons for the purpose of insuring compliance with the Protective Order.

8. Nothing in this Protective Order shall preclude use of information or documents with a person who was the author or recipient of a document designated "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER BETWEEN DAYTON & CBIC" or "CONFIDENTIAL FOR ATTORNEY'S EYES ONLY – PRODUCED PURSUANT TO PROTECTIVE ORDER BETWEEN DAYTON & CBIC," or who otherwise had access to such information or document prior to the document having been produced in this litigation.

9. Every document containing information that the producing party wishes to designate as "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER BETWEEN DAYTON & CBIC" or "CONFIDENTIAL FOR ATTORNEY'S EYES ONLY – PRODUCED PURSUANT TO PROTECTIVE ORDER BETWEEN DAYTON & CBIC," shall be so marked in a conspicuous manner on each page prior to providing copies of the document to counsel for the opposing party.

10. In the case of interrogatory answers or other written responses to discovery requests and the information contained therein, the designation of confidentiality shall be made by means of a legend on the front of any set of interrogatory answers or other written discovery responses stating "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER BETWEEN DAYTON & CBIC" or "CONFIDENTIAL FOR ATTORNEY'S EYES ONLY – PRODUCED PURSUANT TO PROTECTIVE ORDER BETWEEN DAYTON & CBIC" and a statement at the conclusion of such responses specifying the responses or parts thereof deemed to be confidential and deemed to be confidential for attorney's eyes only.

11. The producing party shall designate prior to production to the opposing party those documents produced for inspection which the producing party desires to continue to have treated as "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER BETWEEN DAYTON & CBIC" or as "CONFIDENTIAL FOR ATTORNEY'S EYES ONLY – PRODUCED PURSUANT TO PROTECTIVE ORDER BETWEEN DAYTON & CBIC" documents in the form provided for in Paragraph 9 above. To the extent that documents have been produced by the parties prior to execution of this Protective Order, the parties shall within fourteen (14) days designate those documents which the producing party desires to continue to have treated as "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER BETWEEN DAYTON & CBIC" or as "CONFIDENTIAL FOR ATTORNEY'S EYES ONLY – PRODUCED PURSUANT TO PROTECTIVE ORDER BETWEEN DAYTON & CBIC" by designating in the form provided for in Paragraph 9 above and reproducing the designated documents to the opposing party. Upon receipt of any such written designation, counsel shall (i) treat the designated material in accordance with its new designation, (ii) take reasonable steps to notify any person known to have possession of any of the designated material that was produced prior to the new designation, and (iii) promptly endeavor to procure all undesignated copies of such designated material from any persons known to have possession of such material and to replace with designated copies.

12. In the case of documents (and copies thereof) and information produced by a third party, the third party shall have the same right as the Parties to designate such documents and information as "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER BETWEEN DAYTON & CBIC" or "CONFIDENTIAL FOR ATTORNEY'S EYES ONLY – PRODUCED PURSUANT TO PROTECTIVE ORDER BETWEEN DAYTON & CBIC." Furthermore, if a party has a confidentiality interest in the information or documents produced

by a third party, the party with the confidentiality interest has the right to designate such materials as "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER BETWEEN DAYTON & CBIC" or "CONFIDENTIAL FOR ATTORNEY'S EYES ONLY – PRODUCED PURSUANT TO PROTECTIVE ORDER BETWEEN DAYTON & CBIC." All materials produced by a third party shall be treated as "CONFIDENTIAL FOR ATTORNEY'S EYES ONLY – PRODUCED PURSUANT TO PROTECTIVE ORDER BETWEEN DAYTON & CBIC" for fifteen (15) days after they are produced, after which they will no longer be subject to this Protective Order unless the third party or one of the parties has designated them in accordance with this paragraph, or re-designates them in accordance with Paragraph 20 of this Protective Order.

13. Only court reporters and those persons identified in Paragraph 5 may be present during any deposition examination relating to information or documents designated as "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER BETWEEN DAYTON & CBIC." Only court reporters and those persons identified in Paragraph 6 may be present during any deposition examination relating to information or documents designated as "CONFIDENTIAL FOR ATTORNEY'S EYES ONLY – PRODUCED PURSUANT TO PROTECTIVE ORDER BETWEEN DAYTON & CBIC." Those portions of the deposition transcript that relate to such information or documents as well as all such documents made exhibits shall be prominently labeled (including on the first page of all deposition transcripts and in the header on the pages relating to confidential materials) "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER BETWEEN DAYTON & CBIC" or "CONFIDENTIAL FOR ATTORNEY'S EYES ONLY – PRODUCED PURSUANT TO PROTECTIVE ORDER BETWEEN DAYTON & CBIC." Any person giving deposition testimony or the counsel for that person may designate any or all of the testimony as

"CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER BETWEEN DAYTON & CBIC" or "CONFIDENTIAL FOR ATTORNEY'S EYES ONLY – PRODUCED PURSUANT TO PROTECTIVE ORDER BETWEEN DAYTON & CBIC."  A party may also designate as "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER BETWEEN DAYTON & CBIC" or "CONFIDENTIAL FOR ATTORNEY'S EYES ONLY – PRODUCED PURSUANT TO PROTECTIVE ORDER BETWEEN DAYTON & CBIC," such portion of any deposition testimony, regardless by whom given, which contains or discloses confidential information.  The person desiring to so designate any portion of a deposition shall do so on the record while the deposition is being taken, either personally or through counsel.  Any portion of any deposition testimony that is not so designated within fourteen (14) days after a transcript of the deposition is received shall not be entitled to the protections afforded under this Protective Order, unless it is later re-designated in accordance with Paragraph 20.

14. Subject to further order of this Court, any documents, pleadings or memoranda containing information that has been designated as confidential that are submitted to or filed with the Court must be filed under seal with this Court in envelopes or other suitable containers and shall bear the statement:

(a) "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER BETWEEN DAYTON & CBIC":  This envelope contains documents which are filed in this proceeding by [name of party], may only be opened and viewed by persons designated to do so in accord with the Protective Order between the City of Dayton, Ohio and Contractors Bonding and Insurance Co. entered by this Court on [date of entry of this Order], and must be handled in accordance with the Protective Order"; or

(b) "CONFIDENTIAL FOR ATTORNEY'S EYES ONLY – PRODUCED PURSUANT TO PROTECTIVE ORDER BETWEEN DAYTON & CBIC":  This envelope contains documents which are filed in this proceeding by [name of party], may only be opened and viewed by persons designated to do so in accord with the Protective Order between City of Dayton, Ohio and Contractors Bonding and Insurance Co. entered by this Court on [date of entry of this Order], and must be handled in accordance with the Protective Order."

Each envelope or other suitable container filed under seal shall comply with Local Rule 79.3 of the United States District Court for the Southern District of Ohio, including on face of the envelope containing such documents it shall state that it contains "DOCUMENTS UNDER SEAL" or the equivalent. It shall also contain the case caption, along with a descriptive title of the document (unless such information is to be, or has been, included among the information ordered sealed), and the date of any order or reference to any statute permitting the item to be sealed.  Proposed orders regarding such documents are not to be filed electronically, but shall be e-mailed to the chambers of the Judge presiding over the case for the Judge's review and signature.  The Parties will then make arrangements with the Court Clerk to ensure that the confidential document to be filed or submitted remains confidential.  Nothing contained in this paragraph is intended to authorize a filing or submission of any confidential document in such fashion that any documents, pleadings or memoranda containing information that has been designated as confidential become a part of the public record or otherwise do not remain confidential.

15. In the event that counsel for a party desires to offer into evidence at trial any information or document that has been designated as confidential pursuant to this Protective Order, counsel for the party desiring to introduce such information or document shall provide notice of the intent to make such offering as will permit counsel for the party that produced such confidential information or document to seek appropriate treatment by the Court.

16. This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties to this Protective Order without involving the Court unnecessarily in the process.

17. This Protective Order shall be without prejudice to the right of the Parties to this Protective Order to bring before this Court the question of whether its use should be restricted in

accordance with the terms hereof, in which case the party claiming confidentiality will have the burden of establishing the same, or to present a motion to this Court under Fed. R. Civ. P. 26(c) for a separate Protective Order as to any such particular information or document, including restrictions differing from those as specified herein. Such challenge shall be made in a timely manner and shall be heard in chambers, and the transcript of said proceedings (as well as any documents or pleadings filed in conjunction therewith) must be filed under seal until the Court rules on the proposed disclosure. If the Court permits use or disclosure of the confidential information or documents without regard to this Order, the confidential information or documents will be unsealed. Such designated information shall be kept confidential pending a decision of the Court. This Protective Order shall not be deemed to prejudice either party in any way in any future application for modification of this Protective Order. This Protective Order may be amended as need may arise by the mutual consent and agreement of counsel without prior leave of this Court.

18. Within thirty (30) days after the final termination of the last of the Proceedings, including all appeals, the receiving party shall destroy all materials which have been designated "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER BETWEEN DAYTON & CBIC" or "CONFIDENTIAL FOR ATTORNEY'S EYES ONLY – PRODUCED PURSUANT TO PROTECTIVE ORDER BETWEEN DAYTON & CBIC" by the producing party and shall destroy all copies, digests or summaries which have been made of, or prepared from, such documents and shall certify such destruction to the producing party. Notwithstanding the terms of this paragraph, counsel for the Parties may retain copies of any transcripts and papers filed with the Court that have become part of the official record in this action.

19. Whenever a party objects to the designation of information or documents as confidential, it shall so notify counsel for the producing party in writing, setting forth the reasons

supporting such objection. Counsel for the producing party shall respond in writing within five (5) days of receipt of such notification either by withdrawing the confidential designation or by stating that it refuses to do so and the reasons for its refusal. Upon receipt of such a notification or refusal, counsel shall meet, either face-to-face or telephonically, to attempt in good faith to resolve the dispute. If the dispute remains unresolved or the parties' counsel are unable to arrange a meeting after a good faith effort to do so, the objecting party may move the Court for an Order removing the confidential designation. The party claiming that such information or documentation is confidential shall bear the burden of persuading the court that the information or documentation is confidential. Until the issue is resolved by the Court or, in the event of any interlocutory appeal, until determination of such appeal, the information or documents shall continue to be treated as confidential in accordance with the provisions of this Protective Order.

20. Any party that has designated any material as confidential or non-confidential pursuant to this Protective Order may designate, change the designation, or withdraw the designation with respect to any material that it has produced ("Redesignated Material"), provided, however, that such designation or redesignation shall be effective only as of the date that it is made. Such designation or redesignation shall be accomplished by notifying counsel for each party in writing. Upon receipt of any such written designation or redesignation, counsel shall (i) treat the Redesignated Material in accordance with its new designation or redesignation, (ii) take reasonable steps to notify any person known to have possession of any Redesignated Material of the new designation or redesignation, and (iii) promptly endeavor to procure all copies of such Redesignated Material from any persons known to have possession of such material who are not entitled to receipt under the redesignation pursuant to this Protective Order.

21. Inadvertent disclosure of information or documents that fall within the definition of confidential materials set forth in this Protective Order shall not be deemed to be a waiver of

confidentiality.  Waiver of confidentiality of information or documents shall occur only upon the knowing and intentional relinquishment of the right to designate such materials as confidential.

22. Any party that intends to move to modify this Protective Order, seek clarification of this Protective Order, or intends to seek another Protective Order, shall first notify opposing counsel, in writing, of the proposed modification, request for clarification, or proposed terms of the new proposed Protective Order.  Counsel for the opposing party shall respond in writing to any such notification within five (5) days either by agreeing to the proposed modification, clarification, or new order or by stating that it refuses to do so and the reasons for its refusal.  Upon receipt of such a notification or refusal, counsel shall meet, either face-to-face or telephonically, to attempt in good faith to resolve the dispute.  If the dispute remains unresolved, or the parties counsel are unable to arrange a meeting after a good faith effort to do so, the proposing party may then move the Court to seek the proposed modification, clarification, or new Protective Order.  Until the issue is resolved by the Court or, in the event of any interlocutory appeal, until determination of such appeal, any information or documents shall continue to be treated as confidential in accordance with the provisions of this Protective Order.

23. In the event of a proven knowing and intentional violation of this Protective Order by any of the Parties in this action or others who have access to confidential materials pursuant to the terms of this Protective Order, all Parties acknowledge that the offending Parties or persons (including qualified employees as provided in Paragraph 5) may be subject to sanctions determined in the discretion of the Court.  These sanctions may be monetary for corporate entities that are Parties in the event of knowing and intentional violations if allowed by law, and injunctive relief is available in all instances to enforce the terms of this Protective Order.

24. This Protective Order shall not be construed in any fashion to limit the ability of a party to make use of information or documents that it reveals or produces to the opposing party

in this matter. Immediately upon public disclosure by a party of its own confidential material, said confidential material shall no longer be deemed to be confidential.

    25. Nothing herein shall be construed as preventing any party from continuing to use any information that:

    (a) is in the public domain; or

    (b) subsequently becomes part of the public domain through no act of such party; or

    (c) is disclosed to it by a third party, where said disclosure does not itself violate any contractual or legal obligation; or

    (d) is independently developed by a party; or

    (e) is known or used by it prior to this proceeding.

The burden of establishing the existence of subparagraphs (a) through (e) above shall be upon the party attempting to use or disclose such information.

    26. The fact that either party enters into this Stipulated Protective Order does not waive any substantive objection it may have with respect to any specific discovery request not relating to confidentiality.

    27. In the event that this Protective Order is invalidated by action of the Parties or the Court *sua sponte,* documents previously identified in good faith by the Parties under this Protective Order as confidential shall retain their confidential status for thirty (30) days or until the date on which a new Protective Order is approved by the Parties and the Court, whichever is sooner.

    28. The provisions of this Protective Order shall survive the termination of this action unless otherwise agreed to by the affected parties or ordered by the Court.

    29. The Parties hereby stipulate to the Entry of this Protective Order.

IT IS SO STIPULATED AND AGREED, THROUGH COUNSEL.

*s/ John C. Musto*
JOHN C. MUSTO (0071512)
John.Musto@daytonohio.gov
Assistant City Attorney
101 West Third St.
P.O. Box 22
Dayton, Ohio  45401
Telephone:  937.333.4116
Facsimile:  937.333.3628

*Attorney for Plaintiff*
*City of Dayton, Ohio*

*s/ Adam J. Russ*
ANDREW J. NATALE (0042110)
anatale@frantzward.com
ADAM J. RUSS (0079648)
aruss@frantzward.com
Frantz Ward LLP
2500 Key Center
127 Public Square
Cleveland, Ohio 44114
Telephone:  216.515.1660
Facsimile:  216.515.1650

*Attorneys for Defendant*
*Contractors Bonding and Insurance Co.*

Approved and entered this 13th day of November, 2014.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Date: 11/13/2014                    __/s/Timothy S. Black_____
                                     JUDGE TIMOTHY S. BLACK

13

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| CITY OF DAYTON, OHIO, | ) | CASE NO. 3:13-cv-00324-TSB |
| | ) | |
| *Plaintiff,* | ) | JUDGE TIMOTHY S. BLACK |
| | ) | |
| v. | ) | |
| | ) | |
| CONTRACTORS BONDING AND | ) | **STIPULATED PROTECTIVE ORDER** |
| INSURANCE COMPANY, | ) | **AND CONFIDENTIALITY** |
| | ) | **AGREEMENT** |
| *Defendant.* | ) | |

**ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

_____ hereby acknowledges that he or she has been provided with a copy of the Stipulated Protective Order entered in the above captioned action; he or she has read the Order; he or she agrees to be bound by its terms; and he or she subjects himself or herself to jurisdiction of the United States District Court for the Southern District of Ohio for purposes of any action to enforce the terms of the Order.

_____      _____
Date                                                              Signature